**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-20142**
**Summary Calendar**

_____


**CORNELIO G. DELGADO, SR.,**
**d/b/a Delgado Construction Company,**

**Plaintiff-Appellant,**

**versus**

**THE CITY OF EL CAMPO, ET AL.,**

**Defendants,**

**THE CITY OF EL CAMPO, PAUL**
**SOECHTING and JIM COOK**,

**Defendants-Appellees.**


_____

Appeal from the United States District Court
for the Southern District of Texas
(CA H 93 3034)
_____
September 20, 1995


Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

                    BACKGROUND

On September 29, 1993, Cornelio G. Delgado, Sr., doing business as Delgado Construction Company, filed a civil rights complaint against the City of El Campo, Texas; Paul Soechting, the

---

[*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

former mayor of El Campo; Larry Keesler, the El Campo City Manager; Jim Cook, the El Campo Building Inspector; and J.R. Cunningham, a member of the El Campo Building Board, pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1988. Delgado alleged that the defendants had engaged in a continuous pattern of discrimination against him because of his national origin. Delgado claims they impose greater conditions and restrictions upon the homes that he built in the City of El Campo than those placed upon the homes of other builders who were not Hispanic. On January 21, 1994, Delgado filed his "Demand for Jury Trial of all Issues" pursuant to Rules 38 and 39, Fed. R. Civ. P.

The Joint Pretrial Order, filed on August 23, 1994, provided that "[t]here currently are no depositions which will be used as evidence at the trial of this case. It is anticipated that those individuals deposed will be `available' as defined by the Federal Rules of Evidence." In his witness list attached to the Joint Pretrial Order, Delgado identified Larry Guerrero and Walter Simmons as witnesses at trial.

At the final pretrial conference, held on August 30, 1994, the district court denied Delgado's request for a jury trial as untimely. On September 29, 1994, Delgado filed an amended complaint, in which he deleted all claims against the defendants except for his equal protection claim, his substantive due process claim and his claim that the defendants had disparaged his name and reputation. Delgado also dropped defendant Larry Keesler from the complaint.

The three-day bench trial began on November 28, 1994, and was concluded on November 30, 1994. On the second day of trial, Delgado attempted to subpoena Simmons and Guerrero to appear and testify at trial. On the third day of trial, Delgado informed the district court that Simmons had been served with a subpoena, but had refused to appear, and that Guerrero had not been served. Delgado thus advised the court that both Guerrero and Simmons were unavailable. The district court refused to permit Delgado to introduce Guerrero's deposition testimony, in light of the language of the Joint Pretrial Order and the fact that Delgado had waited until the second day of trial to attempt to subpoena Guerrero. The court also refused to issue a writ of attachment for Simmons.

The district court determined that Delgado had failed to prove by a preponderance of the evidence the requisite elements of his § 1983 claims and entered judgment in favor of the defendants. Delgado filed a timely notice of appeal from the court's judgment.

OPINION

Delgado argues that the district court abused its discretion by denying his request for a jury trial. Fed. R. Civ. P. 38(b) requires that a party demand a trial by jury on any issue triable of right by a jury by "serving upon the other parties a demand therefor in writing . . . not later than 10 days after the service of the last pleading directed to such issue." "A complaint raises an issue only once within Rule 38(b)'s meaning -- when it introduces it for the first time." **Fredieu v. Rowan Cos., Inc.**, 738 F.2d 651, 653 (5th Cir. 1984) (internal quotation and citation

3

omitted).  A party's failure to serve and file a demand as required by subparagraph (b) of Rule 38 "constitutes a waiver by the party of trial by jury."  Fed. R. Civ. P. 38(d).  After waiver, "the court in its discretion upon motion may order a trial by jury of any or all issues."  Fed. R. Civ. P. 39(b).

Delgado's original complaint, filed in September 1993, contained no demand for a jury trial.  Delgado did not file a demand for a jury trial until January 21, 1994, approximately four months after the filing of his complaint.  By failing to comply with the requirements of Rule 38(b), Delgado waived a jury trial. The district court denied Delgado's demand for a jury trial as untimely filed.  Even if Delgado's demand were construed as a Rule 39(b) motion, "it is not an abuse of discretion to deny a Rule 39(b) motion when the failure to make a timely demand for a jury trial results from mere inadvertence on the part of the moving party."  **Fredieu**, 738 F.2d at 654 (internal quotation and citation omitted); see also **Farias v. Bexar County Bd. of Trustees For Mental Health Mental Retardation Servs.**, 925 F.2d 866, 873 (5th Cir.) (despite general principle that a court should grant a jury trial in the absence of strong and compelling reasons to the contrary, "we adhere to a long line of precedent in finding no abuse of discretion . . . when the failure to make a timely jury demand results from mere inadvertence on the part of the moving party") (internal quotation and citation omitted), cert. denied, 502 U.S. 866 (1991).

4

Delgado's initial jury demand offered no explanation for his delay in requesting a jury. Neither did Delgado offer an explanation at the final pretrial conference after the district court denied his request for a jury trial. Finally, Delgado has not articulated any reason for the delay in his appellate brief. Because Delgado has offered no reasons for his delay in requesting a jury trial, this Court may "assume the delay resulted from mere inadvertence." See **Farias**, 925 F.2d at 873. Inadvertence alone does not relieve a party from waiver. **Id**. The district court's denial of Delgado's request for a jury trial was thus not an abuse of discretion.

Delgado argues that the district court erred by refusing to enforce his subpoena for Simmons. The district court may compel the attendance of a witness who refuses to appear at trial, despite being subpoenaed, by undertaking contempt proceedings. Fed. R. Civ. P. 45(e).

This Court has been unable to locate any caselaw in this Circuit involving the district court's refusal to enforce a subpoena against a witness who has refused to appear at trial. It appears, however, that Simmons' testimony would have been cumulative to that presented by Oscar Terrazas, a witness who testified for Delgado on the first day of trial.

On Delgado's witness list, he stated that Simmons "was a truck driver who was pouring cement [for Delgado's construction company when defendant] Cook stopped the job. Cook told [Simmons] to get off the truck and he did." Further, in his appellate brief,

5

Delgado states that Simmons' testimony "was material because [Simmons] was an eyewitness to Defendant Jim Cook's actions at the Dr. Dornak house which were the basis of Delgado's cause of action."

Terrazas had already testified with regard to the events that occurred during the construction of the Dornak house, however. Terrazas testified that on one occasion during the construction of the house, he was pouring cement into "pier holes" while Simmons "was in the truck." Terrazas testified that defendant Jim Cook arrived and "stopped" him from pouring cement, stating that the road was "being destroyed" and that they did not have a permit. Terrazas further testified that Cook addressed his comments to Terrazas and that Simmons remained in the truck until Cook ordered Simmons to stop working as well.

Terrazas testified at length regarding the incident at the Dornak house. The testimony that would have been presented by Simmons, as an eyewitness to this incident, was therefore already before the district court. Thus, although it is a close question, we believe that the district court did not abuse its discretion by refusing to enforce the subpoena for Simmons. See **Six v. Henry**, 42 F.3d 582, 586 (10th Cir. 1994) (standard of review is abuse of discretion when reviewing district court's refusal to enforce a subpoena against a witness who has refused to appear at trial despite being subpoenaed).

Delgado argues that the district court abused its discretion by refusing to permit Delgado to introduce the deposition testimony

6

of Larry Guerrero. Delgado contends that he showed that Guerrero was unavailable because he was unable to serve Guerrero with a subpoena.

A deposition may not be introduced into the record at trial unless the witness is unavailable or exceptional circumstances justify its admission. **Jauch v. Corley**, 830 F.2d 47, 49-50 & n.1 (5th Cir. 1987); Fed. R. Civ. P. 32(a)(3). A deposition may be used at trial if (1) the witness is dead; (2) the witness is more than 100 miles from the place of trial; (3) the witness is incapacitated by age, illness, infirmity, or imprisonment; (4) the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (5) exceptional circumstances exist. Fed. R. Civ. P. 32(a)(3). The burden rests upon the party offering the deposition to establish the unavailability of the witness. **Moore v. Mississippi Valley State Univ.**, 871 F.2d 545, 552 (5th Cir. 1989). The use of a deposition at trial is within the district court's discretion, and the decision of the district court will not be overturned except for an abuse of that discretion. **Bobb v. Modern Products, Inc.**, 648 F.2d 1051, 1055 (5th Cir. 1981).

Delgado identified Guerrero as one of his witnesses on his witness list prior to trial. He did not attempt to subpoena Guerrero, however, until the second day of the three-day trial. On the third day of trial, Delgado informed the district court that he had been unable to effect service upon Guerrero. The district court refused to permit Delgado to introduce Guerrero's deposition

7

testimony, relying upon the language of the joint pretrial order that "no depositions" would be used as evidence at trial and the fact that Delgado had waited until the second day of trial to attempt to subpoena Guerrero.

Given the fact that Delgado was aware at least three months prior to trial that he intended to call Guerrero as a witness and he did not attempt to subpoena Guerrero until the second day of trial, the district court did not abuse its discretion by refusing to permit Delgado to introduce Guerrero's deposition testimony. Delgado failed to establish adequately Delgado's unavailability at trial. See **Moore**, 871 F.2d at 548-52 (plaintiff failed to carry his burden of adequately establishing the witness's unavailability at trial even though the plaintiff claimed that an attempt had been made to subpoena the witness).

**AFFIRMED**

8